IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV155-03-MU

| | |
|---|---|
| JOSEPH R. REID JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| MARVIN L. POLK, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner Joseph Reid's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed on April 3, 2006 pursuant to 28 U.S.C. § 2254 (Document No. 1). For the reasons stated herein, the instant Petition will be dismissed.

### I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the Petitioner's Petition reveals that Petitioner plead guilty to second degree kidnaping, assault with a deadly weapon, infliction of serious injuries and intimidating a witness and was sentenced on March 7, 2002. Petitioner did not file an appeal[1]. In December 2003, Petitioner filed a Motion for Appropriate Relief in the Superior Court in Union County.[2] On July

---

[1] Because Petitioner never filed a direct appeal, Petitioner's conviction became final at the time Judgment was entered. United States v. Sanders, 247 F.3d 139, 142 (4th Cir.), cert. denied, 534 U.S. 1032 (2001).

[2] The Court notes that at the time Petitioner filed his MAR, twenty one months after Petitioner was sentenced, the one year limitations period under the Antiterrorism and Effective Death Penalty Act had already elapsed. Attempts at collateral relief in state court cannot restart

1

16, 2005 the MAR Court granted Petitioner an evidentiary hearing on his prior record level and his right to appeal his conviction. On August 25, 2005 the MAR court granted in part and denied in part Petitioner's MAR. The Court ordered that Petitioner be sentenced at a level VI in accordance with the amended judgment, but denied Petitioner's request to give notice of appeal of his original conviction[3]. Petitioner did not appeal the decision of the MAR court, but instead filed the instant habeas Petition on April 3, 2006[4].

## II. Analysis

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). Comity dictates that when a prisoner alleges that his confinement for a state court conviction violates federal law, the state

---

or revive an expired time limit. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000). Therefore, this Petition is untimely under the AEDPA. In his Petition, Petitioner concedes that his Petition is untimely and explains that he had mental problems during the crime and at the plea hearing. Also, Petitioner cites to an assault which occurred in prison on October 7, 2004. The Court notes that the one year limitations period expired long before the assault on October 7, 2004 and that the MAR Court found, after an evidentiary hearing, that Petitioner was competent and able to assist the defense at the time he entered his plea. Because the Petitioner explained the reason for his late petition, this Court did not send out a notice pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

[3] The Court also stated that Petitioner's failure "to raise and present any other statutory or constitutional claims in [his MAR] shall be a BAR to any later assertion of said claims in any way in any court due to the applicable state and federal laws."

[4] To the extent that the MAR court's issuance of an amended judgment and commitment restarted Petitioner's time to file a habeas petition under the AEDPA, it would only be to the extent of the sentencing issue which was granted by the MAR court, if at all. The issues Petitioner raises in the instant habeas petition do not relate to the sentencing issue which the MAR court granted but instead relate to the ineffective assistance of counsel issues the MAR court denied. Once again the Court notes that the one year limitations period under the AEDPA had expired prior to Petitioner filing his MAR. Therefore, Petitioner's current habeas petition is untimely.

courts should have the first opportunity to review the claim and provide any necessary relief. Rose v. Lundy, 455 U.S. 509, 515-516 (1982). The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims in state court. To satisfy the fair presentation requirement, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) The fair presentation requirement has two components: (1) presentation of the same claim, and (2) presentation to all appropriate courts. Id. at 844.

Petitioner did not avail himself of the direct appeal procedure following his conviction, but instead filed an MAR as part of his collateral attack. In order to fairly present his claims to the state court when a Petitioner does not directly appeal but only files an MAR, Petitioner must have filed a petition for a writ of certiorari in the North Carolina Court of Appeals. Petitioner did not do so.

In the instant petition, Petitioner raises three claims: (1) ineffective assistance of counsel because his attorney failed to enter a notice of appeal when directed to do so; (2) ineffective assistance of counsel because his attorney forced Petitioner, who was not competent at the time because he was on psycotropic mental medications, to plead guilty and failed to present evidence which would have established Petitioner was innocent and (3) denial of access to the law library[5].

---

[5] The Court notes that this claim was not raised in Petitioner's MAR. Additionally, this claim is not a 2254 claim as it does not attack the fact or duration of Petitioner's confinement. Instead this claim is challenging the conditions of Petitioner's confinement and therefore should be brought as a claim pursuant to 42 U.S.C. § 1983. For this reason, Petitioner's claim regarding access to the law library is dismissed.

The MAR court addressed Petitioner's claims regarding his attorney's failure to file a notice of appeal and Petitioner's competence at the time he entered his plea. The MAR court made specific findings that: (1) Petitioner's counsel explained to him his right to appeal; (2) Petitioner knowingly and understandingly chose not to file Notice of Appeal, recognizing the limited issues subject to attack following a guilty plea and (3) Petitioner was competent and able to assist in his defense at the time he entered his plea. (MAR Order dated August 25, 2005.)

Petitioner did not present his claims to the state's highest court after the MAR court issued its order and prior to seeking review in this Court. Petitioner explains that he did not appeal the MAR court's decision because he has brain damage from an assault in prison on October 7, 2004 and he does not have a lawyer or access to a law library. The Court notes that Petitioner's assault occurred on October 7, 2004, however the MAR court did not issue its decision until August 2005. Furthermore, Petitioner seems to have been able to file the instant Petition despite his brain damage and lack of access to a lawyer or a law library. Petitioner's stated reason for failing to exhaust his state court remedies is not compelling. Petitioner's claims are not exhausted[6] and Petitioner's petition is dismissed.

---

[6] Petitioner's claims are also time barred under AEDPA.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED**.

Signed: April 11, 2006

Graham C. Mullen
United States District Judge